Dykman, J.
This action is based upon seven promissory notes made by the defendant, payable to the order of D. A. Moore, and transferred to the plaintiff.
The chief defense is a denial of the delivery of the notes, and a denial that they ever had any valid legal inception.
The history seems to be this: These promissory notes, with three others, making ten in all, of $100 .each, were-made by the defendant to be used and delivered in consummation of an agreement for the exchange of. real property between himself and the payee, D. A. Moore. She was represented by her husband, A. J. Moore, in the transaction, and his theory is, and his testimony upon the trial was that these notes, with the repaaining three not yet. due, were delivered to him at the time of their execution in fulfillment and performance of the contract, and so became valid and subsisting instruments in the hands of the payee. The counter theory of the defendant was that the notes *749 were executed by him preparatory to the consummation of "the agreement respecting the land to be delivered contemporaneously with the deeds of conveyance, and that the agent and husband of the plaintiff obtained possession of them for examination only, and held them wrongfully.
The defendant testified to facts upon the trial tending strongly to substantiate his position, and his testimony was ■supplemented and corroborated by two other witnesses, .and the case was submitted to the jury by a charge to which there was no exception, and the verdict was rendered in favor of the defendant.
In such a case, with such testimony, the appellate court -can afford no relief. The sole question involved is a question óf fact to be solved by the jury, the theory_ of the defense is sustained by the testimony of three witnesses who have commanded the'belief of the jury in full view and consideration of the testimony for the plaintiff, and we can discover reasons inherent in the case for the rendition of the verdict in favor of the defendant.
In view of the defense interposed and the claim of the defendant that possession of these notes was improperly obtained, it became important and necessary for the plaintiff to establish the circumstances under which he became the owner of the notes and the amount he paid for them, or at least that he did pay value and was an innocent, honest holder. That question was in the case and was presented to the jury and solved' against the plaintiff, and no disturbance of the verdict can be expected or received from us on that question.
The judgment should be affirmed, with costs.
Barnard and Pratt, JJ., concur.